IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY DON O'NEAL                                                                                                    PLAINTIFF
*as Guardian of the Person and*
*the Estate of Rosie Pearl Cox O'Neal*


vs.                                            Civil No. 4:10-cv-04061

REGIONS BANK                                                                                                    DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Compel Arbitration. ECF No. 15. This Motion was filed on October 28, 2010. *Id.* Plaintiff responded to this Motion on November 11, 2010. ECF No. 21. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

Plaintiff originally filed his Complaint on May 6, 2010 in which he sued Regions Financial Corporation. ECF No. 1. After being granted leave to amend by Judge Barnes, Plaintiff then filed an Amended Complaint and named Regions Bank as the Defendant in this action. ECF No. 14. On October 28, 2010, Defendant filed the present Motion to Compel Arbitration requesting this case be dismissed pending arbitration. ECF No. 15. In this Motion, Defendant claims arbitration should be compelled because the basis of Plaintiff's Amended Complaint falls within the scope of the arbitration agreement entered into by Defendant and Plaintiff's ward, Rosie Pearl Cox O'Neal ("Ms.

O'Neal"). *Id.* Defendant argues it sold a $25,000.00 annuity to Ms. O'Neal, and as a part of that annuity agreement, Ms. O'Neal agreed to arbitration. *Id.* The sale of this annuity was through Ms. Deb Kinkade, the branch manager of Defendant's Nashville, Arkansas office. ECF No. 16-1.

In response, Plaintiff argues arbitration should not be compelled because the $3,200.00 at issue in this lawsuit and which he seeks to recover on behalf of Ms. O'Neal is "unrelated" to the sale of the $25,000.00 annuity. ECF No. 21. Plaintiff claims Ms. O'Neal paid $28,200.00 for her $25,000.00 annuity, and the $25,000.00 annuity has been refunded but the $3,200.00 has not been refunded. *See id.* Plaintiff does, however, acknowledge in his Amended Complaint that the additional $3,200.00 was a part of the sale of the annuity. Plaintiff represents the following in his Amended Complaint: "The sale of the annuity referenced above to someone holding themselves out as Plaintiff's ward, with her money, was in excess of $28,200.00." ECF No. 14.

## 2. Applicable Law

The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration agreement upon proof: (1) that a written agreement to arbitrate exists and (2) that the written agreement is contained within a contract involving "commerce." *See* 9 U.S.C. § 2. Once a transaction in litigation is found to meet the FAA standards (*i.e.* "involve commerce"), courts must generally enforce the arbitration clauses. *See Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996).

In *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56 (1995), the Supreme Court explained:

> [T]he FAA not only 'declared a national policy favoring arbitration,' but actually 'withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'

"[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusal to enforce agreements to arbitrate." *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 270 (1995). The United States Supreme Court has interpreted the FAA expansively, decreeing that it is to reach all transactions or contracts that fall within the broad scope of Congressional powers relating to interstate commerce. *Id.* at 273. Furthermore, any doubt concerning the scope of the issues covered by the arbitration agreement should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

**3. Discussion**

Plaintiff claims arbitration should not be compelled for three reasons: (1) the $3,200.00 loss is not covered by the arbitration agreement at issue in this case; (2) Ms. O'Neal did not sign the arbitration agreement; and (3) Defendant is a nonsignatory to the arbitration agreement and should not be allowed to compel arbitration. ECF No. 21. This Court will address each of these arguments.

First, Plaintiff claims the $3,200.00 loss sustained by Ms. O'Neal was not a part of the annuity sale or covered by the corresponding arbitration clause:

> Ms. O'Neal does not seek to enforce any term of the annuity agreement. . . . Ms. O'Neal simply claims the purchase of the annuity was one of the several steps by virtue of which Ms. Kincade, acting in her capacity as an agent of Regions, figured out a way to separate Ms. O'Neal from her money and re-direct that money, at least in part, to Ms. Kincade.

ECF No. 21, Page 14. This Court notes there is no reference to an additional $3,200.00 in the annuity agreement itself. ECF No. 14-2. The only amount referenced in the annuity agreement is the $25,000.00 associated with the sale of the annuity. *Id.* Indeed, based upon the annuity itself, it appears the $3,200.00 is unrelated to the sale of the annuity and should not be covered by this arbitration agreement.

However, as noted above, Plaintiff states in his Amended Complaint that the sale of the annuity was in excess of $28,200.00, and the $3,200.00 was a part of that sale. ECF No. 14 ¶ 9. This Court is bound to the representations made by Plaintiff in his Amended Complaint, and if the $3,200.00 was a part of this sale, then under the terms of the arbitration agreement, Plaintiff is bound to arbitration this case. Specifically, the arbitration agreement or "Confidential Client Information & Insurance Agreement" which was signed as part of the purchase of this annuity provides "all disputes and claims that pertain or relate to this agreement, the services to be provided to the customer, any account affected hereby or the relationships that arise from any of the foregoing, whether based in contract, tort or otherwise, shall be resolved by binding the arbitration in Memphis, Tennessee (or where mutually agreed by the parties). . . ." ECF No. 14-2 (caps removed). The present action regarding the $3,200.00 is certainly a dispute or claim that pertains or relates to this agreement. Thus, based upon this arbitration agreement, this Court finds the $3,200.00 in dispute falls under the arbitration agreement.

Second, Plaintiff claims arbitration should not be compelled because Ms. O'Neal did not sign this agreement. ECF No. 21. Plaintiff argues that because Ms. O'Neal did not sign this agreement and this signature was a forgery, arbitration should not be compelled against her. *Id.* Defendant claims that the issue of whether Ms. O'Neal's signature is a forgery or not is "a matter for the arbitrator to determine." ECF No. 16. There does not appear an Eighth Circuit case directly addressing the issue of whether an arbitrator or the court determines whether the document binding a party to arbitration is valid.[1]

---

[1] Neither Party has cited such a case in their briefing, and this Court has found none directly addressing this issue.

The Eighth Circuit has been clear, however, is stating that when a factual dispute exists, the district court should err in favor of compelling arbitration:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Bank of America, N.A. v. UMB Fin. Serv., Inc.,* 618 F.3d 906, 911 (8th Cir. 2010) (quoting *Moses H. Cone Mem. Hosp.,* 460 U.S. at 24-25). Accordingly, consistent with that holding, and in light of this factual dispute regarding whether Ms. O'Neal's signature was a forgery, this Court must err on the side of compelling arbitration. *Id.*

Third, Plaintiff argues that since Defendant Regions Bank is not a signatory to the arbitration agreement, it should not be allowed to compel arbitration. Upon review, it appears Plaintiff is correct that Regions Morgan Keegan Financial Services and not Regions Bank purportedly entered into the "Confidential Client Information & Insurance Agreement" with Ms. O'Neal. However, it appears Regions Bank, the Defendant in this action, and Regions Morgan Keegan Financial Services are the same company or are closely related companies. Indeed, in his briefing, even Plaintiff repeatedly argued that Ms. Kinkade, who appears to be the employee of Regions Morgan Keegan Financial Services and who purportedly worked with Ms. O'Neal to purchase this annuity, acted as an "agent for Regions Bank." ECF No. 21. Plaintiff cannot repeatedly claim Ms. Kinkade was an agent of Regions Bank to establish liability against Regions Bank while, at the same time, attempt to argue Regions Bank has no interest in this case.

Further, as Plaintiff himself even recognizes, the Eighth Circuit allows nonsignatories to compel arbitration under certain circumstances. *See, e.g., Finnie v. H & R Block Fin. Advisors, Inc.,* 307 F. App'x. 19 (8th Cir. 2009) (unpublished per curiam). One such circumstance where the Eighth

Circuit has allowed a nonsignatory to compel arbitration is where "the relationship between the signatory and nonsignatory defendants is sufficiently close" that unless the nonsignatory is permitted to invoke arbitration, the arbitration agreement would be eviscerated. *See CD Partners, L.L.C. v. Grizzle,* 424 F.3d 795, 798 (8th Cir. 2005) (quoting *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999)).

Under the present facts, as noted above, Defendant Regions Bank and Regions Morgan Keegan Financial Services have a very close relationship. As Defendant stated in his briefing, they are the same company, and Regions Morgan Keegan is merely a trade name used by Regions Bank. ECF No. 3. Indeed, as Plaintiff even admitted, this relationship is so close that Ms. Kinkade was an agent for Regions Bank when it appears from the arbitration agreement the only entity she represented was Regions Morgan Keegan Financial Services. Additionally, if this Court does not allow Regions Bank to compel arbitration, the arbitration agreement between purported signatories Ms. O'Neal and Regions Morgan Keegan Financial Services would be eviscerated. As noted in Defendant's briefing, the proper party in this case is Regions Bank, and Regions Morgan Keegan is merely a trade name used by Regions Bank. As such, the only proper party who can be sued is Regions Bank. Thus, if Regions Bank is not permitted to enforce this arbitration agreement, no party can do so. Based upon these facts and consistent with *Grizzle*, this Court finds Regions Bank can properly compel Plaintiff to arbitration.

**4. Conclusion**

Based upon the foregoing, this Court recommends Defendant's Motion to Compel Arbitration (ECF No. 15) be **GRANTED** and Plaintiff's case be stayed pending arbitration of this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of December, 2010.**

                                            /s/   Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE